UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PROTEX INTERNATIONAL CORP., a New York
corporation,

                                Plaintiff,                                       CV 05-5355 (ADS)(ARL)

      -against-

VANGUARD PRODUCTS GROUP, INC., an
Illinois corporation,

                                Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court is the defendant's motion to compel the plaintiff to respond to certain interrogatories. Specifically, the defendant, Vanguard Products Group, Inc. ("Vanguard") seeks to compel the plaintiff, Protex International Corp. ("Protex"), to respond to Interrogatory Nos. 4, 6 and 7, which Vanguard argues concern the factual basis of the plaintiff's patent infringement claim. Protex opposes the motion by letter dated December 14, 2006. For the reasons set forth below, the motion is granted in part and denied in part.

       Interrogatory No. 4 seeks the identity of each fact, witness, and document that "demonstrates Protex's knowledge of Vanguard's security system products and when Protex first became aware of such products." *See* Schurin letter dated December 11, 2006, Ex. A & B. In its First Response to Vanguard's Interrogatories, Protex indicated that it was "investigating when it first became aware of Vanguard's accused security system products." *Id.* at Ex. A. In its Supplemental Response to Vanguard's Interrogatories, Protex indicated that it became aware of Vanguard's security system in October 2001, as a result of a telephone conversation. *Id.* at Ex. B. Protex further stated that it would provide documents responsive to the interrogatory "at the time the parties exchange documents." *Id.* Now, in response to the motion, Protex has prepared

a Third Supplemental Response, which states that the defendant's security system has been tested by Protex. *See* Sinder letter dated December 14, 2006, Ex. A. It also identifies those employees who performed the testing. *Id.* Protex argues, therefore, that it has sufficiently responded to Interrogatory No. 4. The court disagrees.

Protex's suggestion that it has "more than sufficiently" responded to Interrogatory No. 4 is curious given that the bulk of their response was made in connection with the instant motion to compel. It should be noted that a party responding to discovery may be subject to sanctions, including the cost of a motion to compel, if a responsive document is only sent to quell a party's request for judicial intervention. Moreover, although Protex may respond to the Interrogatory by identifying "the records from which the answer may be derived or ascertained," *see* Fed. R. Civ. P. 33 (d), the responding party must make those records available for inspection contemporaneously with the response. Here, there is no indication that any documents have been made available despite the fact that the response was served in July. Accordingly, the defendant's motion to compel responses to Interrogatory No. 4 is granted. On or before, January 19, 2006, Protex must provide a complete response to Interrogatory No. 4 consistent with Fed. R. Civ. P. 33.

Interrogatory Nos. 6 and 7 essentially request the basis of Protex's allegation that Vanguard is infringing its patent at issue. Specifically, Interrogatory No. 6 demands "For each claim alleged to be infringed by a Vanguard product, identify the corresponding structure and location of <u>each limitation</u> in each such Vanguard product, stating whether each such claim limitation is met literally or under the doctrine of equivalents." Interrogatory No. 7 demands "Regarding Interrogatory No. 6, for each limitation alleged to be met by a Vanguard product under the doctrine of equivalents, identify the function, way and result of each said limitation and

the function, way, and result of the corresponding structure of the said Vanguard product(s)." Protex argues that Interrogatory No. 6 and 7 comprise contention interrogatories which should be deferred until the end of the discovery period.

Contention interrogatories involve "an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33 (c). In other words, "[c]ontention interrogatories ask a party: to state what it contends; to state whether it makes a specific contention; to state all the facts upon which it bases a contention; to take a position, and to explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention." *B. Braun Medical v. Abbott Laboratories,* 155 F.R.D. 525, 527 (E.D. Pa 1994). That is not to say, however, that every answer to an interrogatory that "employ(s) a degree of legal analysis and reasoning" is a contention interrogatory justifying deferral of a response. *Dot Com Entertainment Group, Inc. V. The Cyberbingo Corporation,* 237 F.R.D. 43, 45 (W.D.N.Y. 2006). Applying these standards, the court finds that Interrogatory Nos. 6 and 7 seek contention discovery.

Despite Vanguard's characterization, the interrogatories do not simply "seek to discover which structures of its product infringe the patent." Interrogatory No. 6 asks Protex to state "whether each such claim limitation is met literally or under the doctrine of equivalents." In so doing, the interrogatory asks Protex to "take a position" and state "why or how" the patent is infringed. *Id.* at 44; *see also B. Braun Medical,* 155 F.R.D. at 527. Similarly, Interrogatory No. 7 asks the "way and result" of each limitation and the "way and result" of the corresponding structure, in other words, how the Vanguard product infringes under the doctrine of equivalents.

Nonetheless, nothing in Rule 33 of the Federal Rules of Civil Procedure or the Local Rules for the Eastern District of New York prohibits a party from interposing contention

3

interrogatories at an early stage of discovery, although there is considerable support for doing so. *See County of Suffolk v. Lilco*, 1988 U.S. Dist LEXIS 6606 at * 6 (E.D.N.Y. June 13, 1988). Here, the defendants contend that answers would contribute to clarifying the issues in the case. *See B. Braun Medical Inc. at* 527. However, Vanguard has refused to produce any documents until Protex answers the interrogatories, leading the court to conclude that it is still too early to require Protex to answer interrogatories No. 6 and 7. The burden imposed on Protex in responding to these requests outweighs the likelihood that useful information will be produced where Protex has not had discovery of Vanguard's documents. Accordingly, the defendant's motion is granted with respect to Interrogatory No. 4 and denied with respect to Interrogatory Nos. 6 and 7.

Dated: Central Islip, New York
   December 27, 2006

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge